**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4789**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

ANTHONY KEITH WILSON,

             Defendant – Appellant,


DONNA C. ADKINS; ALISIA H. AKBAR; CHERYL L. AMAKER; LACARIA
BROWN; LUTHER BRYAN; CHASE MANHATTAN MORTGAGE CORPORATION;
LAVACA COUNTY TEXAS; RANDY MARTIN; GEORGEAN MCCONNELL;
JOSEPH E. MCCONNELL; CHRISTOPHER M. MORRIS; FLORENCE
NOLLKAMPER; GUSSIE D. NOLLKAMPER; JOHN M. WARTHER; WELLS
FARGO HOME MORTGAGE, INCORPORATED,

             Parties-in-Interest.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.  (3:02-cr-00548-CMC-10)

———————

Submitted: April 23, 2009          Decided: May 8, 2009

———————

Before WILLIAMS, Chief Judge, DUNCAN, Circuit Judge, and John
Preston BAILEY, Chief United States District Judge for the
Northern District of West Virginia, sitting by designation.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael Chesser, Aiken, South Carolina, for Appellant.  Beth Drake, Mark C. Moore, Jane Barrett Taylor, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Keith Wilson was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to 420 months in prison. Wilson appealed, challenging his conviction and sentence. We affirmed Wilson's conviction and rejected claims relating to Wilson's sentence, but because he was sentenced under the then-mandatory Sentencing Guidelines, vacated and remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Davis, 270 F. App'x 236 (4th Cir. March 17, 2008) (unpublished).

On remand, the district court imposed a 320-month variant sentence and Wilson timely appealed. Counsel for Wilson has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that he has found no meritorious issues for appeal but asserting that Wilson's variant sentence "was in excess of that necessary to comply with the purposes of 18 U.S.C. 3553(a)." Wilson has filed a pro se supplemental brief asserting that: (i) the district court erred when it rejected several objections on remand under the mandate rule; (ii) his sentence on remand was imposed "based in part on the mandatory guideline system" because the district court refused to revisit Wilson's previous objections to his Guidelines range

3

calculation; (iii) the district court erred when it allegedly failed to consider his objection regarding the Government's 21 U.S.C. § 851 (2006) information at his first sentencing; and (iv) his sentence is unreasonable because it "exceeded the statutory maximum by six years," was based on drug amounts not foreseeable to him, and was based on pre-conspiracy conduct. The Government has declined to file a responding brief. Finding no error, we affirm the district court's judgment.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for review. First, because the vast majority of Wilson's arguments were either litigated by Wilson on his first appeal and were rejected, or could have been litigated but were not, the mandate rule precludes their present consideration by this court. See Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007) ("[A] remand proceeding is not the occasion for raising new arguments or legal theories."); United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on appeal.").

"[T]he doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should

4

continue to govern the same issues in subsequent stages in the same case." United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999) (internal citation and quotation marks omitted). The law of the case must be applied:

> in all subsequent proceedings in the same case in the trial court or on a later appeal . . . unless: (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

Id. (internal citation and quotation marks omitted); see Doe v. Chao, 511 F.3d 461, 464-66 (4th Cir. 2007) (discussing mandate rule and its exceptions). Because Wilson's claims do not fall within any of the above-mentioned exceptions, he may not raise these claims on this appeal.

We also reject Wilson's challenges to the validity of the variant sentence imposed on remand. After Booker, a sentence is reviewed for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 128 S. Ct. 586, 597 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Assuming the district court committed no significant procedural error, this court must next consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Id. at 161-62.

5

While an appellate court may presume that a sentence within the Guidelines range is reasonable, it may not presume that a sentence outside the Guidelines range is unreasonable. Gall, 128 S. Ct. at 597; see United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) ("[A] sentence that deviates from the Guidelines is reviewed under the same deferential abuse-of-discretion standard as a sentence imposed within the applicable guidelines range."), cert. denied, 129 S. Ct. 1312 (2009). Rather, in reviewing a sentence outside the Guidelines range, we "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597. Even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence. Id.

We find the district court's 320-month variant sentence to be reasonable. On remand, the district court entertained counsel's argument regarding the weight that should be afforded the § 3553(a) factors, heard from Wilson's mother, allowed Wilson an opportunity to allocute, and thoroughly considered the § 3553(a) factors before imposing Wilson's sentence. We conclude that the district court adequately explained its rationale for imposing the variant sentence, and that the reasons relied upon by the district court are valid

considerations under § 3553(a) and justify the sentence imposed. See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007).

Having reviewed the record in this case and finding no meritorious issues for review, we affirm the district court's judgment. This court requires that counsel inform Wilson in writing of his right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED